INQUIRY COMMISSION, Movant

v.

Gregory Curtis MENEFEE, Respondent.

No. 2008–SC–000294–KB.

Supreme Court of Kentucky.

June 19, 2008.

*OPINION AND ORDER*

## I. Introduction

The Inquiry Commission of the Kentucky Bar Association (KBA) requests that

Respondent, Gregory Curtis Menefee, KBA Member No. 83568, be temporarily suspended from the practice of law in the Commonwealth of Kentucky pursuant to Supreme Court Rule (SCR) 3.165(1). Menefee's Bar Roster address is 4610 Vinita Way, Louisville, KY 40272. The Inquiry Commission, in its petition to this Court, states that it has probable cause to believe that Menefee has been misappropriating or otherwise improperly dealing with funds that he holds for others. *See* SCR 3.165(1)(a). Having reviewed the petition, the supporting evidence, and Menefee's response, we agree there is probable cause to find Menefee has misappropriated or otherwise improperly dealt with funds held on behalf of his clients and, thus, grant the petition.

## II. Background

In support of its petition, the Inquiry Commission notes that over the past several months it has received a series of seven complaints alleging, among other things, that Menefee misappropriated or otherwise improperly handled client funds.[1] The first of these complaints, filed by Joseph K. Halbleib in September of 2007, alleges Menefee has failed to account for $5,500.00. Halbleib gave Menefee $9,500.00 to hold in escrow. Over time, Menefee returned amounts totaling $4,000.00. When Halbleib sought additional funds, Menefee failed to deposit them as agreed. Halbleib has not heard from Menefee since August of 2007.

The second complaint, brought by Thomas C. Tichenor, was filed in October of 2007. Tichenor retained Menefee in 2006 to handle his wife's estate. On behalf

1. The KBA has opened a file on each complaint. *See* KBA File No. 15621, 15821, 15926, 16033, 16050, 16337, and 16348.

of the estate, Menefee received $14,897.36. While Menefee properly paid out $33.03, he failed to account for the remaining $14,864.33. Further, Tichenor alleges Menefee failed to file a motion to set aside $15,000.00 of the estate assets as personal property, and may have failed to file documents with the Internal Revenue Service. Despite repeated attempts, Tichenor has been unable to contact Menefee. However, in September of 2007, Bruce Anderson, an attorney claiming to represent Menefee, contacted Tichenor to inform him Menefee was no longer practicing law. To date, Menefee has failed to account for client funds.

The third complaint, filed in November of 2007, concerned Menefee's representation of Tami Barley in a bankruptcy action. Barley provided funds to Menefee to hold in escrow for use against her home mortgage. Since August of 2007, Barley has been unable to reach Menefee. When Barley left a note under Menefee's office door, she was contacted by attorney Anderson. Anderson informed her Menefee was no longer practicing law. Barley alleges Menefee failed to account for $1,746.84.

The fourth complaint, involving Menefee's representation of Tina M. Poison, was filed in December of 2007. Poison retained Menefee to handle her father's estate. In addition, Menefee dealt with the insurance carrier following a fire at her father's house. Through the course of his representation, Poison claims Menefee received $15,000.00 from life insurance, and $58,000.00 in insurance proceeds for fire damage to the house and its contents. Poison alleges Menefee agreed to take care of the repairs to the home and the mortgage payments. When Menefee failed to pay the mortgage, the home was sold at a commissioner's sale. Over a period of seven months, Poison attempted to contact Menefee to no avail. While Poison acknowledges receiving $3,000.00 from Menefee, the remaining $70,000.00 has never been returned to her or accounted for by Menefee.

The fifth complaint was filed by Billy Hill in February of 2008. Hill, as administrator of the estate of Betty Jean Price, retained Menefee. Estate assets, totaling $37,233.88, were provided to Menefee to hold in escrow. From these funds, Menefee properly paid estate expenses totaling $14,296.35. To date, Menefee has failed to account for the remaining $22,937.53.

The final two complaints, both filed in March of 2008, involved bankruptcy cases handled by Menefee. In one, Ronald Lee Yocum alleges he placed funds with Menefee during his bankruptcy. When he asked Menefee to transfer the funds to his divorce attorney, Menefee made no response. In the second case, Gina and Jeffery Followay provided $29,425.00 to Menefee to hold in escrow. Of this amount, Menefee paid $6,967.59 in creditor claims and $2,000.00 to the Followays. When the Followays attempted to obtain an additional $2,000.00 from Menefee, they received no response. Despite repeated attempts to reach Menefee, the Followays received no reply until they were contacted by attorney Anderson. Anderson informed the Followays that Menefee was no longer practicing law. To date, Menefee has failed to return or account for the remaining $20,457.41 belonging to the Followays, or any of the funds he received on behalf of Yocum.

With the exception of the last two claims, the KBA has forwarded each of the complaints to Menefee for a response in accordance with SCR 3.160. While Menefee filed motions for extension of time to respond to the first four claims, he has failed to file responses in any of the complaints. At the time the petition now be-

fore this Court was filed, Menefee had not been served with the final two complaints. However, all seven complaints were included by the Inquiry Commission in support of the present petition.

In response to the Inquiry Commission's petition for temporary suspension under SCR 3.165, Menefee has indicated he has no objection to the suspension. Menefee claims he began to wind up his practice of law in August of 2007. At present, Menefee claims he is employed in a field other than law, and that he has no plans to resume the practice of law. For this reason, Menefee determined a detailed response to the factual allegations was not necessary.

### III. Conclusion

Given the evidence supporting the Inquiry Commission's petition, and Menefee's failure to respond, either to the KBA or this Court, as to the merits of the complaints, we find probable cause exists to believe, pursuant to SCR 3.165(1)(a), that Menefee has misappropriated or otherwise improperly dealt with funds held on behalf of his clients and, thus, hereby grant the petition for temporary suspension.

ACCORDINGLY, IT IS HEREBY ORDERED:

(1) The Respondent, Gregory Curtis Menefee, KBA Member No. 83568, is temporarily suspended from the practice of law in the Commonwealth of Kentucky, pending further orders of this Court.

(2) Disciplinary proceedings against Menefee shall be initiated by the Inquiry Commission pursuant to SCR 3.160, unless already begun or unless Menefee resigns under terms of disbarment.

(3) Pursuant to SCR 3.165(5), Menefee shall, within twenty (20) days of the date of entry of this order, notify all clients in writing of his inability to continue to rep-

resent them, and shall furnish copies of such letters of notice to the Director of the KBA.

(4) Pursuant to SCR 3.165(6), Menefee shall immediately, to the extent possible, cancel and cease any legal practice advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: June 19, 2008.

/s/ Joseph E. Lambert
Chief Justice