**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**Gregory Curtis MENEFEE,**
Respondent.

**No. 2009-SC-000467-KB.**

Supreme Court of Kentucky.

Oct. 29, 2009.

***OPINION AND ORDER***

The Board of Governors of the Kentucky Bar Association has recommended to this Court that Respondent, Gregory Curtis Menefee, who was admitted to practice law in Kentucky in October 1990, whose Member No. is 83568, and whose last known bar roster address is P.O. Box 15943, Louisville, KY 40259, be permanently disbarred as a result of ten separate disciplinary charges which resulted in default cases under SCR 3.210. We agree with and adopt the Board's recommendation.

A summary of the ten bar discipline charges against Respondent follows: [1]

*File No. 16473*

Lisa Clayton hired Respondent around September 2005 to assist her with a Chapter 13 bankruptcy. Around October 2005, she received a charitable donation for an ill child of $7,000. She also received a personal injury settlement in the amount of $76,000. She deposited all that money with Respondent. From those funds, Respondent was to have paid Clayton's mortgage payments and Chapter 13 payments. He did neither and stopped communicating with Clayton entirely. He has not accounted for any of the money Clayton gave him.

A Bar Complaint was filed by Clayton for which Respondent signed on May 16, 2008. A customary reminder was sent and received by Respondent on October 17, 2008. No response was filed. Respondent

---

1. This summary of the ten charges against Respondent comes exclusively from the "Findings of Fact, Conclusions of Law, and Recommendation" filed by the Board of Governors.

was charged by the Inquiry Commission with violating SCR 3.130–1.15 (failure to return funds); SCR 3.130–1.16(d) (improper termination of representation); SCR 3.130–8.3(c) (misconduct) (now SCR 3.130–8.4); and SCR 3.130–8.1(b) (failure to respond). Respondent was served with the charge on three separate occasions: at his bar roster address on April 22, 2009, and for which he signed on May 7, 2009; by the Executive Director on May 5, 2009; and by the Jefferson County Sheriff at his home on May 8, 2009. He was mailed a reminder letter on May 26, 2009. To date, no response has been filed.

### File No. 16474

Christopher and Joann Counsil contacted Respondent in 2006 for assistance with a Chapter 13 Bankruptcy. They gave him $5,000 to make mortgage payments on their behalf and to pay for his representation. He filed the Chapter 13 petition and made three mortgage payments. However, Respondent stopped making payments after that. Respondent has never accounted for $3,700 of the Counsils' money. The Counsils never heard from Respondent again.

A Bar Complaint was sent to Respondent on May 13, 2008, and he signed for it on May 16, 2008. A reminder letter was sent on October 13, 2008, by certified mail for which Respondent signed on October 17, 2008. No response was filed. The Inquiry Commission issued a four-count Charge on April 22, 2009, alleging violations of SCR 3.130–1.15 (failure to return funds); SCR 3.130–1.16(d) (improper termination of representation); SCR 3.130–8.3(c) (misconduct) (now SCR 3.130–8.4); and SCR 3.130–8.1(b) (failure to respond). Respondent was served on three separate occasions, at his bar roster address on April 22, 2009, and for which he signed on May 7, 2009; by the Executive Director on May 5, 2009; and by the Jefferson County Sheriff at his home on May 8, 2009. He

was mailed a reminder letter on May 26, 2009. To date, no response has been filed.

### File No. 16475

Brooks and Janet Gay hired Respondent and gave him $3,192.68 to hold in his escrow account. The funds were to be used to pay their mortgage payments. Respondent never made one mortgage payment. He failed to return the Gays' money and he abandoned his representation of them without notice.

The Gays filed a Bar Complaint on April 29, 2008. The Complaint was served on May 16, 2008 at which time Respondent signed for it. When no response was made, he received a reminder letter on October 17, 2008, for which he signed.

The Inquiry Commission issued a four-count Charge on April 22, 2009, alleging violations of SCR 3.130–1.15 (failure to return funds); SCR 3.130–1.16(d) (improper termination of representation); SCR 3.130–8.3(c) (misconduct) (now SCR 3.130–8.4); and SCR 3.130–8.1(b) (failure to respond). The Respondent was served with the Charge on three separate occasions, at his bar roster address on April 22, 2009, and for which he signed on May 7, 2009; by the Executive Director on May 5, 2009; and by the Jefferson County Sheriff at his home on May 8, 2009. A reminder letter was mailed to the Respondent on May 26, 2009. To date, no response has been made.

### File No. 16476

Glendol and Linda Smith went to see Respondent in July 2001, for assistance with their financially troubled business. He advised them to file a Chapter 7 Bankruptcy proceeding for the business and a Chapter 13 Bankruptcy personally. They paid him fees of $1,800 and $800, respectively. He also advised the Smiths that they would need to pay the amount deter-

mined by the Court for a bankruptcy payment plan. They paid the first $1,800 at the initial visit. Then, around May 2002, Respondent advised the Smiths to file another Chapter 13 Bankruptcy which they did. The Smiths paid Respondent an additional $1,500. He also requested $684 to be placed in escrow and another $300 in travel costs for Respondent to travel to Owensboro for the hearing.

Respondent then re-filed another Chapter 13 Bankruptcy for the Smiths in or around August 2005, for another $1,500 plus filing fees. In September 2005, before the bankruptcy was settled, Mr. Smith received an $18,000 payment from the Veteran's Administration. Respondent advised Mr. Smith to send him $17,000 of that money so he could put it into escrow and pay off a note to PNC Bank. The remaining money was to be placed into the bankruptcy plan. All during this time, the Smiths were paying Respondent $800 a month which was to have gone into escrow for plan payments until the plan was approved.

By letter dated September 21, 2007, the Smiths were advised by the law offices of Anderson & Home that Respondent was closing his law practice and that they should contact Attorney Mark Levy. When the Smiths met with Levy around November 14, 2007, he informed them that Respondent had not paid PNC Bank nor any of the required bankruptcy payments. Respondent has not accounted for any of the $21,468 given to him by the Smiths.

The Smiths filed a Bar Complaint on April 28, 2008, which was served on Respondent and for which he signed on May 16, 2008. Despite a reminder letter served on October 17, 2008, no response was made to the Complaint. The Inquiry Commission issued a four-count Charge on April 22, 2009, alleging violations of SCR 3.130–1.15 (failure to return funds); SCR 3.130–1.16(d) (improper termination of rep-

resentation); SCR 3.130–8.3(c) (misconduct) (now SCR 3.130–8.4); and SCR 3.130–8.1(b) (failure to respond). The Respondent was served with the Charge on three separate occasions, at his bar roster address on April 22, 2009, and for which he signed on May 7, 2009; by the Executive Director on May 5, 2009; and by the Jefferson County Sheriff at his home on May 8, 2009. A reminder letter was mailed to the Respondent on May 26, 2009. To this date, no response has been filed.

### File No. 16477

Richard Spivey hired Respondent in or around November 2006 to represent him in a bankruptcy. After entering into an Agreed Order to save his home, Mr. Spivey was instructed by Respondent to bring his mortgage payments directly to him. In return Respondent would make the payments. Mr. Spivey brought Respondent $6,370 for the mortgage payments, but received notice in August 2007 that his home was to be sold. Respondent abandoned his representation of Mr. Spivey without notice. The Respondent has failed to account for the $6,370 provided to him by this client.

Mr. Spivey filed a Bar Complaint against Respondent on April 28, 2008. Although Respondent signed for it and a reminder letter, he never responded. Resultantly, the Inquiry Commission issued a four-count Charge against Respondent on April 22, 2009 alleging violations of SCR 3.130–1.15 (failure to return funds); SCR 3.130–1.16(d) (improper termination of representation); SCR 3.130–8.3(c) (misconduct) (now SCR 3.130–8.4); and SCR 3.130–8.1(b) (failure to respond). Respondent was served with the four-Count charge on three separate occasions: at his bar roster address on April 22, 2009, and for which he signed on May 7, 2009; by the Executive Director on May 5, 2009;

and by the Jefferson County Sheriff at his home on May 8, 2009. A reminder letter was mailed to the Respondent on May 26, 2009. To date, no response has been made.

### File No. 16478

David Stone, as power of attorney for Flossie Stone, hired Respondent in or around November 2006 to handle Ms. Stone's bankruptcy. Mr. Stone paid Respondent $22,500. After several attempts to contact Respondent, Mr. Stone received a letter from Bruce Anderson advising him to contact attorney Mark Levy. It was not until Mr. Stone met with Mr. Levy that he discovered the bankruptcy payments had not been paid, a motion to show cause was pending in the case, and other payments Respondent was supposed to be making were four (4) months behind. Further, Respondent abandoned the representation of Ms. Stone without notice. Respondent has failed to account for or return the $22,500 provided to him by Mr. Stone.

Mr. Stone filed a Bar Complaint against Respondent on April 28, 2008. Despite the Complaint having been served upon Respondent for which he signed on May 16, 2008, and despite receipt by certified mail on October 13, 2008, of a reminder letter, no response has been filed. The Inquiry Commission issued a four-count Charge on April 22, 2009, alleging violations of SCR 3.130–1.15 (failure to return funds); SCR 3.130–1.16(d) (improper termination of representation); SCR 3.130–8.3(c) (misconduct) (now SCR 3.130–8.4); and SCR 3.130–8.1(b) (failure to respond). Respondent was served with the four-Count charge on three separate occasions: at his bar roster address on April 22, 2009, and for which he signed on May 7, 2009; by the Executive Director on May 5, 2009; and by the Jefferson County Sheriff at his home on May 8, 2009. A reminder letter was mailed to the Respondent on May 26, 2009. To date, no response has been filed.

### File No. 16479

William Sanders hired Respondent to represent him in a Chapter 13 bankruptcy. Sanders paid Respondent $5,040. However, Respondent did not make all of the bankruptcy plan payments he was required to make with those funds, and he personally kept $1,900. When Mr. Sanders hired a new lawyer in or around August 2007, he learned that not all of the payments had been made by Respondent. Respondent abandoned the representation of Sanders without notice and he has failed to account for the $1,900 provided to him by his client.

Mr. Sanders filed a Bar Complaint against Respondent on April 28, 2008. It was mailed to Respondent who signed for it on May 16, 2008. Having had no response, a reminder letter was sent via certified mail for which Respondent signed on October 17, 2008. Still no response having been made, the Inquiry Commission issued a four-count charge against Respondent on April 22, 2009, alleging violations of SCR 3.130–1.15 (failure to return funds); SCR 3.130–1.16(d) (improper termination of representation); SCR 3.130–8.3(c) (misconduct) (now SCR 3.130–8.4); and SCR 3.130–8.1(b) (failure to respond). Respondent was served with the four-Count charge on three separate occasions: at his bar roster address on April 22, 2009, and for which he signed on May 7, 2009; by the Executive Director on May 5, 2009; and by the Jefferson County Sheriff at his home on May 8, 2009. A reminder letter was mailed to the Respondent on May 26, 2009. To date, no response has been filed.

### File No. 16850

Catherine Melton contacted Respondent in September or October 2006 for advice on filing a bankruptcy. Ms. Melton paid filing fees in October 2006 and requested that Respondent file the bankruptcy as

soon as possible in order to avoid repossession of her vehicle. Respondent failed to file the bankruptcy. Around March 2007, Ms. Melton contacted Respondent about being behind in her mortgage payments. Respondent worked out an agreement with Ms. Melton's mortgage company without her being present. The Respondent never informed Ms. Melton of the agreement's details but advised her to bring her mortgage payments to him in cash or money order until her balance was current. In September 2007, Ms. Melton received a notice from the Bankruptcy Court informing her that National City Bank filed to have her home removed from the imposed stay because no mortgage payments had been made since April 2007. Ms. Melton paid the Respondent $2,278.15 which he did not use to make payments towards her bankruptcy as required. He abandoned his representation of her without notice and has failed to account for the money.

Ms. Melton filed a Bar Complaint against Respondent on August 18, 2008. The Bar Complaint was mailed to Respondent who signed for it on September 15, 2008. When he failed to respond, he was sent a reminder letter via certified mail and signed for same on October 17, 2008. Still having heard no response, the Inquiry Commission issued a four-count charge against Respondent alleging violations of SCR 3.130–1.15 (failure to return funds); SCR 3.130–1.16(d) (improper termination of representation); SCR 3.130–8.3(c) (misconduct) (now SCR 3.130–8.4); and SCR 3.130–8.1(b) (failure to respond). The Charge was served by the Executive Director of the KBA on May 5, 2009, and personally served on the Respondent by the Jefferson County Sheriff's Office on May 8, 2009. A reminder letter was mailed to the Respondent on May 26, 2009. To date, no response has been filed.

*File No. 16914*

Ann A. Jones hired Respondent in or around December 2005 to defend her in a lawsuit with the Peoples Bank of Kentucky. In or around June 2007, Respondent sent Ms. Jones a bill for approximately $5,000 for which he threatened legal action against her if she did not pay. Ms. Jones paid the bill but then did not speak to Respondent until she called him around May 2008. He informed her that he had quit practicing law six months earlier but that he was still handling her case. In July 2008, Ms. Jones received a ruling in the matter from the Court of Appeals via her ex-husband's attorney. Ms. Jones attempted to get more information from Respondent regarding the judgment but her phone calls went unanswered. At that point, Ms. Jones asked another attorney to check into the matter as a favor to her. They discovered that Respondent had been temporarily suspended from the practice of law per an order of this Court in June 2008. Respondent never notified her of his suspension as required by SCR 3.165(5). Despite her best efforts to do so, Ms. Jones has never been able to retrieve her case file from Respondent and he has never contacted her or returned her phone calls. He has abandoned representing her without notice.

Ms. Jones filed a Bar Complaint against Respondent on August 27, 2008. The Bar Complaint was mailed to Respondent and he signed for it on September 23, 2008. When no response was filed, a reminder letter was sent to Respondent and he signed for it on October 17, 2008. On April 22, 2009, the Inquiry Commission issued a four-count Complaint against Respondent alleging violations of SCR 3.130–1.16(d) (improper termination of representation); SCR 3.130–3.4(c) (disobeying an order of the Court requiring him to notify his clients of temporary suspension); SCR

3.130–8.3(c) (misconduct) (now SCR 3.130–8.4); and SCR 3.130–8.1 (failure to respond). The Charge was served by the Executive Director of the KBA on May 5, 2009, and personally served on the Respondent by the Jefferson County Sheriffs Office on May 8, 2009. A reminder letter was mailed to the Respondent on May 26, 2009. To date, no response has been filed.

### File No. 16971

Sandra Painter was involved in a vehicle accident on January 14, 2004. She recovered $35,000 in damages. After paying for legal fees, Ms. Painter received $26,243.95. However, her medical bills exceeded the amount that she received, so she contacted Respondent to file bankruptcy. Under advice from Respondent, Ms. Painter gave him the entire $26,243.95 to place in his escrow account to protect it in the bankruptcy. Respondent filed Ms. Painter's bankruptcy petition.

Respondent claimed the money in escrow as exempt and the Bankruptcy Trustee entered a no asset report in December 2006, abandoning any interest in the funds held by the Respondent. Respondent billed Ms. Painter $1,200 for attorneys' fees, filing fees, and other costs. Ms. Painter's debts were discharged on April 17, 2007, after which, she contacted Respondent and requested her money. Respondent advised her that she would have to wait for the Bankruptcy Judge to sign an Order before he could release the funds. The funds should have been returned to Ms. Painter immediately. Subsequently, the Respondent would not return Ms. Painter's calls and he eventually closed his office. Respondent abandoned the representation of his client without notice and has never accounted for her money.

Ms. Painter filed a Bar Complaint against the Respondent on August 27, 2008. The Bar Complaint was mailed to Respondent's Bar roster address and he signed for it on October 1, 2008. When no response was received, he was sent a second copy of the Complaint and a reminder letter via certified mail on October 21, 2008 and signed for it on October 25, 2008. No response having yet been filed, the Inquiry Commission issued a four-count charge on April 22, 2009, alleging violations of: SCR 3.130–1.5(b) (failure to return a client's funds); SCR 3.130–1.16(d) (abandoning representation of his client, failure to take steps to protect his client, failure to return money); SCR 3.130–8.3(c) (misconduct) (now SCR 3.130–8.4); and SCR 3.130–8.1 (failure to respond). The Respondent was served with the Charge on three separate occasions, at his bar roster address on April 22, 2009 and for which he signed on May 7, 2009; by the Executive Director on May 5, 2009; and by the Jefferson County Sheriff at his home on May 8, 2009. A reminder letter was mailed to the Respondent on May 26, 2009. To date, no response has been filed.

### CONCLUSION

On June 9, 2009, the Board of Governors reviewed the charges against Respondent as a default case under SCR 3.210, and found him guilty on all counts by a vote of eighteen to zero. The Board then reviewed Respondent's prior disciplinary history which included a private admonishment in 2005 for violating SCR 3.130–1.4(a) and SCR 3.130–1.6(d) and a temporary suspension issued on June 19, 2008. See Inquiry Commission v. Menefee, 255 S.W.3d 515 (Ky.2008). Based on the seriousness of the current charges against Respondent, his past disciplinary history, Respondent's failure to respond to disciplinary authorities, and the potentially criminal nature of his actions, the Board unanimously recommended that Respondent be permanently disbarred, and that

he pay restitution to all clients which have been affected by his actions.

Respondent has not filed a notice with this Court to review the Board's decision, and we do not elect to review the decision of the Board under SCR 3.370(8). The decision of the Board is hereby adopted under SCR 3.370(10).

Thus it is ORDERED that:

1) Respondent, Gregory Curtis Menefee, KBA Member No. 83568, P.O. Box 15943, Louisville, KY 40259 is permanently disbarred;

2) In accordance with SCR 3.450, Respondent must pay all costs associated with these disciplinary proceedings against him, the sum being $3,241.80, for which execution may issue from this Court upon finality of this Opinion and Order;

3) Respondent must make restitution to all clients who have filed bar complaints against him for misappropriation of funds; and

4) Under SCR 3.390, Respondent must, within ten (10) days from entry of this Opinion and Order, (a) to the extent possible, cancel and cease any advertising activities in which he is engaged; and (b) notify all clients, in writing, of his inability to represent them; notify all courts in which he has matter pending of his disbarment from the practice of law; and furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

All sitting. All concur.

ENTERED: October 29, 2009.

/s/ John D. Minton Jr.